UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY,** ) ) ) | |
| Plaintiff, ) ) | C. A. No. _____ |
| vs. ) ) | |
| **MEADOW HOLDINGS, LLC,** ) ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Philadelphia Indemnity Insurance Company ("PIIC"), by and through its undersigned counsel, brings this Complaint for Declaratory Relief pursuant to 28 U.S.C. §§2201 *et seq.* and *Fed. R. Civ. P.* 57, to resolve an actual controversy between PIIC and Meadow Holdings, LLC ("Meadow") concerning the rights, obligations and liabilities of the parties under a policy of insurance issued by PIIC with respect to which Meadow is a Named Insured.

In support of its requests for relief, PIIC alleges as follows:

### THE PARTIES

1. The Plaintiff, Philadelphia Indemnity Insurance Company, is an insurance company incorporated in the Commonwealth of Pennsylvania with a principal place of business at One Bala Plaza in Bala Cynwyd, Pennsylvania.

2. The Defendant, Meadow, is a Massachusetts Limited Liability Company with a place of business in East Longmeadow, Massachusetts.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this Action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiff and

the defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the events giving rise to the actual controversy between the parties regarding their respective rights and obligations occurred in this District, and the defendants regularly conduct business in this District.

## FACTUAL ALLEGATIONS

5. PIIC issued a policy of insurance to its named insureds, Crestview National LLC dba Crestview Country Club and Vista Holding LLC, PO Box 305, Agawam, MA 01001-0305, Policy No. PHPK1633214, with a Policy Period From 03/30/2017 to 03/30/2018 (hereinafter "the Policy").

6. Meadow is listed on the Named Insured Schedule of the Policy.

7. Meadow alleges that it owns property located at 105 Somersville Road, East Longmeadow, Massachusetts ("the Property").

8. On August 8, 2017, and September 29, 2017 fires allegedly caused damage to the Property.

9. Following the fire losses on August 8, 2017, and September 29, 2017, Meadow sought coverage for alleged property damage under the Policy.

10. PIIC made payments under the Policy with respect to the fires in excess of One Million Three Hundred Thousand ($1,300,000.00) Dollars; however, Meadow claims that additional amounts are owed under the Policy with respect to both fire losses.

11. PIIC and Meadow never reached an agreement about the value of Meadow's alleged property damage under the Policy.

12. Meadow never requested an appraisal of its alleged losses under the Policy.

13. Form PI-ULT-045 (03/99) (Massachusetts Changes), Page 1 of 7, Section B(2)(b) of the Policy contains a provision providing that PIIC will not pay on a replacement cost basis for any loss unless the repairs or replacement are made within a reasonable time, but no more than two years after the loss.

14. Meadow did not complete repairs or replacement of allegedly damaged property within two years after the fire losses.

15. Form PI-ULT-045 (03/99) (Massachusetts Changes), Section F (Suit), Page 7 of 7 of the Policy provides that no suit or action against PIIC for the recovery of any claim by virtue of the Policy shall be sustained in any court of law or equity in Massachusetts unless commenced within two years from the time the loss occurred.  This two-year limitation period is mandatory under Massachusetts General Laws Chapter 175, § 99.

16. Meadow did not bring any suit or action against PIIC for the recovery of any claim by virtue of the Policy within two years from the time the loss occurred.

17. Any further claim under the Policy with respect to the fires on August 8, 2017, and/or September 29, 2017 are time barred under the two-year limitation period set forth in the Policy and pursuant to Massachusetts General Laws Chapter 175, § 99.

18. Meadow has asserted that PIIC should be estopped from raising the two-year limitation period set forth in the Policy and pursuant to Massachusetts General Laws Chapter 175, § 99.

19. PIIC denies that it has any further liability to Meadow under the Policy.

20. Despite its non-compliance with the requirements of the Policy, and its failure to bring any suit or action against PIIC to recover under the Policy within two years of the losses,

Meadow has threatened to file a lawsuit against PIIC to recover amounts under the Policy which PIIC does not owe.

21. Accordingly, PIIC brings this action seeking to resolve the controversy between PIIC and Meadow Holdings, LLC concerning the rights, obligations and liabilities of the parties under the Policy.

### PRAYERS FOR RELIEF

WHEREFORE, Philadelphia Indemnity Insurance Company requests that the Court:

a. Declare that any further claims under the Policy with respect to the fires on August 8, 2017, and/or September 29, 2017 are time barred under the two-year limitation period set forth in the Policy and pursuant to Mass. Gen. Laws ch. 175, § 99;

b. Declare that PIIC has no further obligation to Meadow under the applicable terms and conditions of the Policy; and

c. Award Philadelphia Indemnity Insurance Company such other or further declaratory and/or other relief that the Court deems equitable and just.

Respectfully submitted,

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**

By its attorneys,
SULLOWAY & HOLLIS P.L.L.C.

By: */s/ David W. Zizik*
David W. Zizik (BBO #540780)
40 Westminster Street, Suite 201
Providence, RI 02903
Tel: (401) 265-5151
Email: dzizik@sulloway.com

Dated: February 11, 2020